NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISPINA JIMENEZ RIVERA; YOHANA JASLIN MURILLO JIMENEZ,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-71290

Agency Nos.    A206-680-667
                       A206-680-668

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020**
Pasadena, California

Before:  CALLAHAN and LEE, Circuit Judges, and LYNN,*** District Judge.

Petitioners Crispina Jimenez Rivera and Yohana Jaslin Murillo Jimenez are

citizens of Mexico who unlawfully entered the United States.  Rivera applied for

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

asylum, withholding of removal, and relief under CAT, with her daughter, Jimenez, claiming derivative relief. The Immigration Judge (the "IJ") denied relief, and the Board of Immigration Appeals (the "BIA") affirmed. Petitioners now seek review of the BIA's decision as to Rivera's asylum and CAT claims.[1]

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's determinations of questions of law *de novo* and findings of fact for substantial evidence. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). The BIA's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The BIA correctly denied Rivera's claim for asylum. An asylum applicant must establish that she is subject to persecution on one of several grounds, including her membership in a cognizable particular social group. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A). Rivera claims that she was persecuted based on her membership in two social groups: 1) Mexican women unable to leave their relationships and 2) wealthy Mexican landowners.

However, the record demonstrates that Rivera is not a Mexican woman unable to leave her relationship because she left her husband several times. While her experiences could conceivably constitute a cycle of abuse, there is insufficient

---

[1] Because the parties are familiar with the facts of Rivera's Petition, we do not discuss them at length here.

evidence to compel a finding contrary to the BIA's determination that Rivera was able to leave her relationship.

The BIA also correctly denied Rivera's claim for asylum as a wealthy Mexican landowner. On appeal, Rivera argues that the BIA improperly focused on whether homeownership, rather than landownership, was a cognizable social group, because it was not an issue addressed by the IJ, and that she was not put on notice that such an issue needed to be addressed before the BIA. Rivera claims that, as a result, "the Board erred in failing to address Petitioner's arguments that she was a member of [her proposed particular social group]."

However, the BIA actually held that Rivera failed to establish both that her proposed social group of wealthy landowners in Mexico was cognizable and that she was a member of that group. In other words, contrary to Rivera's argument, the BIA did address the IJ's finding that Rivera was not a member of a cognizable social group. Rivera does not dispute the merits of that finding and has waived any such arguments. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011).

The BIA also correctly held that Rivera did not qualify for withholding of removal under CAT. To qualify for relief from removal under CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Torture is "an extreme form of cruel and inhuman treatment" that includes "severe pain or

3

suffering." *Id.* §§ 208.18(a)(1)–(2).

Rivera does not point to any evidence of past torture, which is "ordinarily the principal factor" in determining the potential for future torture. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010). While Rivera was abused repeatedly by her husband and threatened with murder, the facts do not rise to the level of extreme treatment needed to qualify as torture. *See Kumar v. Gonzales*, 444 F.3d 1043, 1047, 1055–56 (9th Cir. 2006). Furthermore, none of the gang violence that Rivera's family experienced was directed at her, but rather was received by her children. Rivera also does not face a significant risk of future torture, as she can live away from her husband and further gang violence upon her return to Mexico. Therefore, substantial evidence supports the BIA's finding that it is not more likely than not that Rivera will be tortured if she returns to Mexico, and the BIA properly denied her request for relief under CAT.

**PETITION DENIED.**